1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LICKERISH, INC., et al.,

Plaintiffs,

v.

PICCLICK, INC., et al.,

Defendants.

Case No.  5:22-mc-80152-WHO

**ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Re: Dkt. No. 1

The plaintiffs in a copyright suit in another judicial district seek to compel eBay, Inc. ("eBay") to comply with a deposition subpoena for a Rule 30(b)(6) witness.  Oral argument is unnecessary and the hearing on the motion is VACATED.  Civ. L.R. 7-1(b).  The motion is GRANTED IN PART and DENIED IN PART.  The deposition will occur and will cover most of the topics in the subpoena.  But on the central issue in dispute, I agree with eBay: I will not compel eBay to determine whether clicking the defendant's online links communicates with eBay's servers because the record shows that the only method of doing so would be unduly burdensome.

The relevant parties shall promptly meet and confer to set a deposition date for the 30(b)(6) witness.  If they cannot agree on a date, they shall submit a joint letter to me (following my standing order on discovery disputes) laying out their positions by 5:00 pm on Wednesday, July 20, 2022, which I will promptly rule on.  No extensions of that deadline will be granted.

**BACKGROUND**

This case stems from a copyright suit in the U.S. District Court for the Southern District of California.  *See Lickerish, Inc. v. PicClick, Inc.*, S.D. Cal., 3:21-cv-1303.  The plaintiffs in that case and movants here, Lickerish, Inc. ("Lickerish") and David LaChapelle Studio Inc. ("DLS"),

1    sued PicClick, Inc. ("PicClick") for alleged infringement of 98 photographs of celebrities that the

2    plaintiffs claim copyright in.  *See generally* Dkt. No. 1-2 (original complaint).  The plaintiffs

3    allege that PicClick reproduces, distributes, and displays those photos without permission.  *Id.*

4    PicClick operates a tool by which users can search on the online marketplace and auction site

5    eBay.  *Id.* ¶ 68.  As the plaintiffs allege it, PicClick lets eBay users see "hundreds" of products at

6    one time—more than eBay does without the use of PicClick.  *Id.*  PicClick then provides data

7    about those products and matches users to other products based on their bidding.  *Id.*  When

8    PicClick shows users images of the plaintiffs' photographs, it allegedly infringes their copyrights.

9    *Id.* ¶¶ 82–84.

10      PicClick's founder and 30(b)(6) witness was deposed twice in May 2022.  *See* Motion for

11   Compliance with Third-Party Subpoena ("Mot.") [Dkt. No. 1] 6.  He stated that the allegedly

12   infringing images were "located on eBay's servers," not PicClick's.  *Id.* (collecting citations).

13   Users could find them through PicClick's website, however.  *Id.*  This occurred through a "content

14   delivery network" ("CDN") that cached the images.  *Id.*  The witness testified that this CDN

15   merely took the images from eBay's servers and displayed them to users.  *Id.* 6–7.

16      After this testimony, the plaintiffs' counsel spoke with eBay's counsel to "corroborate"

17   this.  Dkt. No. 1-1 ¶ 7 (declaration).  They also provided eBay's counsel with the URLs of the

18   allegedly infringing images and requested that eBay determine whether "when someone goes to

19   that URL, there is any kind of communication/ping to" eBay's website.  Dkt. No. 1-7.  eBay

20   responded that, if a URL ends in ebay.com or ebayimg.com, it communicates with eBay's

21   website; when it came to other URLs (that is, including PicClick's), eBay represented that it had

22   "no way of knowing" what happened or whether there was a communication to its site.  Dkt. No.

23   1-11.

24      As relevant here, on April 25, 2022, the plaintiffs issued a subpoena for deposition

25   testimony to eBay, Inc. ("eBay") for a 30(b)(6) witness to be deposed on May 10, 2022.  Dkt. No.

26   1-5.  The plaintiffs issued another deposition subpoena on May 17 set for May 19; eBay did not

27   produce a witness.  Dkt. No. 1-9.  These subpoenas sought testimony about various topics

28   including the relationship between eBay and PicClick, agreements between those two entities, and

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (most important here) the operation of the storage of the allegedly infringing photos on eBay's

2    servers and caching to PicClick's network.  *See id.*

3          The plaintiffs and eBay (for present purposes, "the parties") ultimately reached an

4    agreement to forgo the depositions in favor of declarations under penalty of perjury from eBay

5    employees that verified whether clicking the PicClick URLs did indeed communicate with eBay's

6    servers.  *See* Dkt. Nos. 1-7, 1-12.  eBay's counsel provided a declaration on June 14, 2022, from

7    an eBay software development manager.  *See* Declaration of Tim Robison ("Robison Decl.") [Dkt.

8    No. 1-18].  In that declaration, the employee reiterated eBay's previous statement that when a user

9    clinks a URL that contains ebay.com, it communicates with eBay's website.  *Id.* ¶ 4.  But, the

10   employee averred, "eBay does not, as a general matter, know what happens when a user clicks the

11   other links" that the plaintiffs provided.  *Id.* ¶ 5.  He stated that it "may theoretically be possible

12   for eBay to click each of the link . . . and then check" its internal logs to see if there was a

13   communication with eBay's servers at the same time.  *Id.* ¶ 6.  But, he continued, it would be

14   "extraordinarily burdensome" to do.  *Id.*  Each of the CDN's eBay uses receives more than 40

15   billion such "calls" each day, and eBay would have to check each CDN's log after clicking each

16   PicClick link.  *Id.* ¶ 7.  eBay, he added, does not log *all* calls by CDNs, so it is possible that calls

17   may be made without logs reflecting them.  *Id.* ¶ 8.

18         The plaintiffs filed this motion to compel eBay's compliance with the deposition subpoena

19   it issued in light of what they perceive as the deficiency of the declaration.[1]

20                                    **LEGAL STANDARD**

21         Federal Rule of Civil Procedure ("FRCP") 26 provides that, as a general matter and unless

22   the district court orders otherwise, parties

23         may obtain discovery regarding any nonprivileged matter that is relevant to any party's
          claim or defense and proportional to the needs of the case, considering the importance of
24        the issues at stake in the action, the amount in controversy, the parties' relative access to
          relevant information, the parties' resources, the importance of the discovery in resolving
25        the issues, and whether the burden or expense of the proposed discovery outweighs its

26

27   _____

28   [1] The motion was filed in this district instead of in the underlying case because eBay is a non-party
     that is outside of that court's general subpoena power.  *See* Fed. R. Civ. P. 37(a); Fed. R. Civ. P.
     45(c), (g).

                                              3

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  District courts may limit discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  *Id.* 26(b)(2)(C).  FRCP 45, which governs subpoenas, likewise contemplates that a subpoena may be quashed or modified when it would create an "undue burden or expense."  *Id.* 45(d)(1).

## DISCUSSION

The plaintiffs argue that the deposition subpoenas should be enforced to the extent they address the issues of eBay's alleged hosting of the allegedly infringing content on its servers. eBay responds that the parties' alternative agreement satisfied its discovery obligations and that, in any event, the subpoena seeks information that would create an undue burden on it.  *See generally* Opposition to the Mot. ("Oppo.") [Dkt. No. 7].

I agree that, if the parties formed an agreement intended as an alternative to the depositions and eBay fulfilled the agreement, the plaintiffs could not enforce the subpoena.  The first question, then, is whether eBay satisfied the terms of the agreement.  If it did not, the second question is whether to enforce the subpoena under general discovery standards.  For the reasons that follow, I conclude that eBay did not satisfy the parties' agreement but that producing the information at the core of the parties' dispute would pose an undue burden not justified by the needs of this case.

## I.   WHETHER EBAY COMPLIED WITH THE AGREEMENT

As noted, the first question is whether eBay complied with the parties' alternative agreement.  Under that agreement, the parties would forgo a 30(b)(6) deposition of an eBay witness if eBay would instead provide sworn declarations that responded to the issue of whether clicking the PicClick links sent a communication to eBay's servers.  *See* Dkt. No. 1-15.

eBay did not live up to the parties' agreement in a meaningful way.  Rather than providing a declaration that answered this question in substance, the short declaration that eBay proffered made two relevant assertions: (1) it would be inordinately difficult for eBay to tell and (2) eBay might not end up being able to know even if it tried because not all communications by CDNs

4

United States District Court
Northern District of California

1    were logged.  *See* Robison Decl.; *see supra* Background.  This may all be true (more on that in the

2    next section), but even if it were, it is not what eBay agreed or what the plaintiffs reasonably

3    expected as a substitute for a 30(b)(6) deposition.  eBay does not get to dodge its discovery

4    obligations by agreeing to an alternative to a deposition, then unilaterally declaring it is too hard to

5    comply.  eBay's briefing here barely defends this conduct; it is long on pique but short on

6    substance when it comes to defending this portion of its behavior.  While it claims that it "fully

7    investigated the question," Oppo. 9, that "full[] investigation" stopped as soon as it reached "too

8    hard."

9    **II.      WHETHER TO ENFORCE THE SUBPOENA**

10           Because eBay did not meaningfully or adequately abide by the parties' agreement, the

11   question becomes whether to enforce the subpoena under usual discovery principles.

12           To start, I agree with the plaintiffs (and eBay does not seriously dispute) that the sought

13   information is relevant to the underlying litigation.  It appears that an important part of PicClick's

14   defense of its alleged infringement is that it does not store the allegedly infringing content on its

15   servers but that the content is instead on eBay's servers.  *See supra* Background.  The plaintiffs,

16   understandably, wish to test that claim.  The subpoena seeks to do so by determining whether,

17   when one goes through PicClick's URLs, they are being passed information from eBay's servers.

18           The closer question, and the real heart of the parties' dispute, is whether establishing this

19   information would impose an undue burden.  I conclude that it would.  Courts have often held that

20   non-parties should generally shoulder lesser discovery burdens than parties can be made to.  *See,*

21   *e.g.*, *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16CV02200HSGKAW, 2017 WL 3124014, at

22   *2 (N.D. Cal. July 24, 2017) (collecting cases).  The scope of work that eBay would have to do to

23   adequately prepare a 30(b)(6) witness for this deposition does indeed appear substantial.  eBay's

24   evidence that each of its multiple CDNs has more than 40 billion logs per day, *see* Robison Decl.

25   ¶¶ 6–8, is uncontradicted on this record.  The parties have not provided much detail about the

26   internal working of those logs, but neither has indicated that they are in any way searchable or can

27   be readily parsed—for instance, so that hits coming from PicClick websites can be identified by

28   search term.  The only evidence available, therefore, indicates that eBay would have to manually

examine the logs (with 40 billion daily hits each) after manually accessing PicClick's links.

Against this concrete and significant burden, the plaintiffs offer almost no substantive response. The relevant portions of both their motion and reply cite standards and repeat that the burden will not be high, but they give no real reason for thinking so. *See* Mot. 18–19; Reply ISO Mot. [Dkt. No. 8] 10–13. The plaintiffs do not explain how eBay could reasonably sort through the billions of hits per hour if it must do so in the way described. The closest the plaintiffs get to even acknowledging this heavy burden is when they argue that it is "obvious" that a "multibillion dollar Internet-based business[] can determine when there are communications with its own servers." Mot. 12. But it has not offered anything in support of that assertion. In addition, this evidence is, at the end of the day, a means to corroborate or negate evidence the plaintiffs have already obtained from PicClick; it seems more than plausible that the plaintiffs have other ways of testing the veracity of PicClick's assertions on this front such as, for instance, getting discovery into *PicClick's* servers. Yet the plaintiffs never explain why they have not done so, despite that being a more direct route and despite PicClick being a party to the proceeding. And this all aside, the plaintiffs have also not proposed any sort of compromise position that would alleviate the burden on eBay while still giving the plaintiffs some of what they seek.

Accordingly, I conclude that, on this record, compelling eBay to determine whether clicking on the PicClick links communicates with its servers would create an undue burden that outweighs the relevance of the information.

This all said, this undue-burden rationale only applies to this discrete issue. As noted above, the plaintiffs' notice of deposition seeks testimony about other topics as well, such as the broader relationship between eBay and PicClick. That is plainly relevant and eBay has not argued that there is any issue with a burden on that. The same goes for the other topics. In fact, the plaintiffs will even be able to ask the 30(b)(6) witness questions *about* the issue of the operation of its servers, they just will not be able to force eBay to determine whether clicking the PicClick links communicates with its own servers. The plaintiffs are, among other things, able to ask (to the same extent they would about any issue) about the internal workings of eBay's servers, including about how one might search them for hits aside from the manual sorting that eBay

United States District Court
Northern District of California

mentions.  If, from that questioning, it turns out that things are not as eBay has represented or there is a less burdensome way to get the job done, eBay opens itself up to weighty consequences with its contrary representations here.

### CONCLUSION

The motion to compel compliance with the subpoena is GRANTED IN PART and DENIED IN PART as explained above.

**IT IS SO ORDERED.**

Dated: July 18, 2022

William H. Orrick
United States District Judge